The Hanchulak Law Offices, P.C.
By: Gerald J. Hanchulak, Attorney I.D. 56320
345 Wyoming Ave., STE 205,
Scranton, PA 18503
Phone: (570) 319-6642

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Timothy Flickinger,<br> Plaintiff,<br><br>vs.<br><br>Tacmed Solutions, LLC.,<br> Defendant. | ELECTRONICALLY FILED<br>NO.:<br><br>JUDGE:<br><br>CIVIL ACTION LAW<br><br>JURY TRIAL DEMANDED |

## **COMPLAINT**

**AND NOW,** come the Plaintiff, Timothy Flickinger, by and through his attorneys, The Hanchulak Law Offices, P.C., and avers as follows:

### I. INTRODUCTION

1.    Plaintiff initiates this action to seek redress against Tacmed Solutions, LLC., (hereinafter "Defendant"), his former employer, for unlawful age discrimination in violation of the Age Discrimination in Employment Act (hereinafter ADEA), in violation of the Pennsylvania Human Relations Act (hereinafter PHRA), and other applicable laws.

## II. PARTIES

2.    Plaintiff is an adult and competent individual residing at 2943 Grundsau Ct., Fogelsville, PA 18051.

3.    Defendant, Tacmed Solutions, LLC., is a foreign business corporation, authorized to do business in the state of Pennsylvania, with a primary place of business located at 1250 Harris Bridge Rd., Anderson, SC 29621.

## III. JURISDICTION

4.    Defendant is an "employer" within the meaning of the Age Discrimination in Employment Act of 1967 (ADEA), as it engaged in an industry affecting interstate commerce and because it maintained or maintains twenty (20) or more employees for each working day in each of twenty or more weeks in the current or preceding calendar year.

5.    Defendant is an "employer" within the meaning of the Pennsylvania Human Relations Act (PHRA) having four (4) or more employees.

6.    Pursuant to 28 U.S.C. § 1331 this court has original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.

7.    Venue in the Eastern District is proper pursuant to 28 U.S.C. § 1391 (b), as the events or omissions giving rise to the claim occurred in the District and the Defendants can be served in the District.

8.    This court has supplemental jurisdiction over Plaintiff's state law claims, pursuant to 28 U.SC. § 1367.

9.    Plaintiff has exhausted his administrative remedies; the matter having pended with the EEOC for more than 60-days and having received a Notice of Right to Sue dated April

21, 2026, attached hereto as **Exhibit A**.

### IV. FACTUAL BACKGROUND

10.     Plaintiff was employed with the respondent as the Regional Sales Manager for the East Coast Region on November 3, 2025.

11.     Plaintiff is a member of the suspect class having been born in June of 1965.

12.     Plaintiff's counterparts were the Regional Sales Manager of the Mid West Region, and the Regional Sales Manager of the West Coast Region.

13.     It is important to note that the Regional Sales Manager of the Mid West Region was 49 years of age as of November 3, 2025, and the Regional Sales Manager of the West Coast Region was 36 years of age as of November 3, 2025.

14.     Effective November 3, 2025, Respondent terminated Plaintiff's employment citing a reduction in force.

15.     At the same time, Defendant terminated the Regional Sales Manager of the Mid West Region's employment citing a reduction in force.

16.     The only Regional Sales Manager whom Defendant retained was the Regional Sales Manager of the West Coast Region who was the youngest of the three Regional Sales Managers at the age of 36.

17.     Plaintiff's position was absorbed by the former Regional Sales Manager of the West Coast Region, who was 36 years of age as of November 3, 2025.

18.     Plaintiff reserves the right to amend and add a PHRA claim after the administrative claim has pended for a year.

## COUNT I

## AGE DISCRIMINATION IN EMPLOYMENT ACT

19.     Paragraphs 1 through 18 above are incorporated herein by reference as if the same were set fourth fully herein and at length.

20.     Plaintiff is a member of the suspect class, being over 40 years old at all times relevant hereto, having been born in 1965.

21.     Plaintiff was qualified for the position of Regional Sales Manager by way of experience.

22.     Plaintiff was qualified for the position of Regional Sales Manager by way of training.

23.     As stated above, Plaintiff was terminated on November 3, 2025, alongside a counterpart who was 49 years of age.

24.     Plaintiff's position was filled by a 36-year-old individual, sufficiently younger than plaintiff to give rise to an inference of age discrimination.

25.     The Plaintiff was not terminated for a legitimate non-discriminatory reason.

26.     The foregoing conduct by the Defendant constitutes unlawful discrimination against Plaintiff based on his age.

27.     As a result of the Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

Wherefore, Plaintiff seeks damages as set forth in the ad damnum clause below.

## COUNT II

## AGE DISCRIMINATION IN EMPLOYMENT ACT

## DISPARATE TREATMENT

28.     Paragraphs 1 through 27 above are incorporated herein by reference as if the same were set forth fully herein and at length.

29.     Plaintiff is a member of the suspect class, being over 40 years old at all times relevant hereto, having been born in 1965.

30.     Plaintiff was qualified for the position of Regional Sales Manager by way of experience and training.

31.     The alleged reduction in force resulted in two members of the suspect class being terminated, while benefiting employees outside the suspect class, particularly the West Coast Region Regional Sales Manager who was 36 years of age being the only retained sales manager.

32.     The Plaintiff was not terminated for a legitimate non-discriminatory reason.

33.     The foregoing conduct by the Defendant constitutes unlawful discrimination against Plaintiff based on his age.

34.     As a result of the Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

Wherefore, Plaintiff seeks damages as set forth in the ad damnum clause below.

## AD DAMNUM CLAUSE/PRAYER FOR RELIEF

Wherefore, Plaintiff prays that judgment be entered in his favor as follows:

a. The Defendant be permanently enjoined form permitting ADEA discrimination against the Plaintiff or others;

b. The Defendant be prohibited from continuing to maintain its illegal policy, practice, or custom of permitting ADEA discrimination and be ordered to promulgate an effective policy against such illegal practices;

c. The Defendant is to be permanently enjoined from retaliatory action against Plaintiff and employees who support Plaintiff's claims or those exercising their own rights under State and Federal law;

d. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make him whole for any and all pay and benefits he would have received had it not been for Defendant's unlawful actions, including, but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, impact on social security benefits and seniority;

e. Defendant is to compensate Plaintiff for any and all emotional pain and suffering he has occasioned as a result of the Defendant's conduct;

f. Plaintiff is to be awarded actual damages caused to him by Defendant's actions;

g. Plaintiff is to be awarded liquidated damages and/or punitive damages as permitted by applicable law, in an amount believed by the court or trier of fact to be appropriate to punish the Defendant for it willful, deliberate, malicious, and outrageous conduct, and to deter Defendant or any other employees from engaging in such misconduct in the future;

h. Plaintiff is to be accorded any and all other equitable and legal relief, as the Court deems just, proper, and appropriate;

i.    Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable Federal law; and

j.    Plaintiff is to be granted such additional injunctive or other relief as he may request during the pendency of this action to ensure Defendant does not engage in further, or ceases engaging in, illegal retaliation against witnesses to this action.

Respectfully submitted,

THE HANCHULAK LAW OFFICES, P.C.

By:   s/Gerald J. Hanchulak

Gerald J. Hanchulak, Esq.

Attorney ID PA 56320

Attorney for Plaintiff

345 Wyoming Avenue, Suite 205

Scranton, PA 18503

(570) 319-6642

ghanchulak@hanchulaklaw.com